Thomas Kilpatrick v. State.

No. 30,798. June 10, 1959.

No attorney for appellant of record on appeal.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is burglary, with a prior conviction for the same offense alleged for enchancement; the punishment, 12 years.

Lee Yuen, the proprietor of an East Sixth Street cafe in Austin, testified that on the night in question he closed and locked his place of business and that the following morning when he arrived at 5:00 A.M. he discovered that the glass in the front door had been broken, that a six pack of Jax beer as well as all his Tampa and John Ruskin cigars were missing.

George McLemore testified that he was sleeping in a pool hall adjacent to Yuen's cafe on the night in question and at approximately 1:00 A.M. he heard some glass break, that he went to the front and saw the appellant pass, that he went around the back, approached the cafe from another direction, and saw the appellant inside the cafe putting cigars in his pocket and beer in a paper sack. He stated that he then went in search of a telephone to call the police and later saw the appellant come out of the front door of the cafe with a package under his arm and walk down the street wiping his left arm with a handkerchief.

Appellant was arrested on East Second Street shortly after McLemore reported the burglary, and he had a fresh cut on his left wrist. A search of the appellant's quarters on East Second Street revealed a bloody shirt, a six pack of Jax beer, and a box containing John Ruskin and Tampa cigars. Appellant was carried back to the scene of the burglary and was identified by MeLemore, who noted that he had changed his shirt since the burglary.

Appellant did not testify but called his employer, who stated that his employees often got scratches which bled in the course of their work.

The prior conviction was established, and the appellant identified as being the person who had plead guilty to the prior case.

There are no formal bills of exception, and no brief has been filed.

We find the evidence sufficient to support the conviction, and, no reversible error appearing, the judgment of the trial court is affirmed.